**PEOPLE PICTURES, LLC, Plaintiff,**

v.

**GROUP OF PARTICIPANTS IN FILESHARING SWARM IDENTIFIED BY HASH: 43F4CFD05C115EE5887F680B0–CA73B1BA18B434A, Defendants.**

**Civil Action No. 11–1968 (JEB/JMF).**

United States District Court, District of Columbia.

Dec. 23, 2011.

334

Evan Flournoy Stone, Law Office of
Evan F. Stone, Denton, TX, for Plaintiff.

## MEMORANDUM OPINION

JOHN M. FACCIOLA, United States
Magistrate Judge.

This case was referred to me for full
case management. Currently pending and
ready for resolution is plaintiff's *Motion
for Leave to Take Expedited Discovery*
[# 4].

Plaintiff, People Pictures, LLC, is the
owner of the copyright for the motion pic-
ture "The People I've Slept With". *Plain-
tiff's Original Complaint* [# 1] ¶ 1. Ac-
cording to plaintiff, numerous individuals
illegally downloaded and distributed its
film over the Internet, in violation of the
Copyright Act of 1976, 17 U.S.C. § 101 *et
seq.* (2010).[1] *Id.* ¶¶ 4, 8. At the time the
law suit was filed, plaintiff did not know
the identities of these individuals. *Id.* ¶ 2.
Plaintiff did, however, know the Internet
Protocol ("IP") address of the computers
associated with the alleged infringers. *Id.*

In its current motion, plaintiff seeks to
conduct expedited discovery [prior to the
Rule 26(f)[2]] conference so that it may
learn the identity of these individuals and
thereafter amend its complaint to reflect
the same. [# 1] at 2. Specifically, plaintiff

seeks leave to serve Rule 45 subpoenas on
the various Internet Service Providers
("ISP") associated with the previously
identified IP addresses, in order to obtain
"the true name, address, telephone num-
ber, e-mail address and Media Access Con-
trol ("MAC") address of each subscriber
that it has identified to date and those it
identifies in the future during the course of
this litigation." *Id.* In addition, if the ISP
identifies an intermediary ISP as the enti-
ty providing online services, plaintiff seeks
leave to serve the subpoena on that ISP.
*Id.*

Plaintiff therefore seeks what is in
essence jurisdictional discovery. Pursuant
to Rule 26 of the Federal Rules of Civil
Procedure, although "[a] party may not
seek discovery from any source before the
parties have conferred as required by Rule
26(f)," they may do so "when authorized
... by court order." Fed.R.Civ.P. 26(f).
Such authorization, however, must be
based on a showing of "good cause". Fed.
R.Civ.P. 26(d)(1). "[I]n order to get juris-
dictional discovery[,] a plaintiff must have
at least a good faith belief that such dis-
covery will enable it to show that the court
has personal jurisdiction over the defen-
dant." *Caribbean Broad. Sys. Ltd. v. Ca-
ble & Wireless PLC,* 148 F.3d 1080, 1090
(D.C.Cir.1998). Furthermore, it is well
within the court's purview under Rule 26
to impose reasonable limitations on discov-
ery when "the burden or expense of the
proposed discovery outweighs its likely
benefit". Fed.R.Civ.P. 26(b)(2)(C). *See
also Linder v. Dep't of Def.,* 133 F.3d 17,
24 (D.C.Cir.1998) ("Whether a burdensome
subpoena is reasonable 'must be deter-
mined according to the facts of the case,'
such as the party's need for the documents

1. All references to the United States Code or
the Code of Federal Regulations are to the
electronic versions that appear in Westlaw or
Lexis.

2. Fed.R.Civ.P. 26(f).

and the nature and importance of the litigation.") (internal quotation omitted); *In re Micron Tech., Inc. Sec. Litig.*, 264 F.R.D. 7, 9 (D.D.C.2010) ("The 'undue burden' test requires district courts to be 'generally sensitive' to the costs imposed on third parties ...") (internal quotations omitted); *N.C. Right to Life, Inc. v. Leake,* 231 F.R.D. 49, 51 (D.D.C.2005) ("While quashing a subpoena goes against courts' general preference for a broad scope of discovery ... limiting discovery is appropriate when the burden of providing the documents outweighs the need for it.").

▮ Plaintiff's cause of action, tortious copyright infringement,[3] is brought under a federal statute, the Copyright Act. The Copyright Act does not provide for the exercise of personal jurisdiction over alleged infringers on a nationwide or other basis. Plaintiff must therefore predicate the court's jurisdiction over the infringers on the reach of District of Columbia law. It first provides for the exercise of personal jurisdiction over a person domiciled in the District of Columbia as to "any claim for relief." D.C.Code § 13–422 (2001). The so-called "long arm" provision of the personal jurisdiction statute provides, in pertinent part, as follows:

   (a) A District of Columbia court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's—

       \*     \*     \*

   (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;

D.C. Code § 13–423 (2001).

Thus, unless the infringer is domiciled in the District of Columbia, the question pre-sented is where the infringement occurred and whether it occurred in the District of Columbia.

In *Nu Image*, Judge Wilkins considered this very question and followed the approach taken by the D.C. Circuit in *Helmer v. Doletskaya*, 393 F.3d 201 (D.C.Cir. 2004). *Nu Image*, 799 F.Supp.2d at 39–40. In *Helmer*, plaintiff, a U.S. citizen, brought suit against his former girlfriend, a Russian citizen, for fraud and breach of contract. *Helmer*, 393 F.3d at 203. Specifically, plaintiff claimed that the defendant failed to reimburse him for real and personal property acquired while they were living together in Moscow. *Id.* The court of appeals upheld the lower court's finding that the injury occurred outside of the District of Columbia:

> The district court ruled that although [defendant] fraudulently concealed her personal background during her visit to the District of Columbia, the fraud did not cause injury here because [plaintiff] was not "physically present" in the District of Columbia when [defendant] incurred the credit card charges, when [plaintiff] paid the credit card charges, when [plaintiff] purchased the apartment, or when [defendant] registered the apartment in her own name.

*Id.* at 208.

As a result, the court of appeals held that, because plaintiff failed to demonstrate that defendant's fraud caused him injury in the District of Columbia, the court could not exercise personal jurisdiction over her as to that count. *Id.* at 209.

In *Nu Image*, Judge Wilkins ultimately concluded that it was difficult to see how

---

**3.** "It is well settled in this jurisdiction [the District of Columbia Circuit] that a claim for copyright infringement sounds in tort." *Nu Image, Inc. v. Does 1–23,322,* 799 F.Supp.2d 34, 38, n. 3 (D.D.C.2011) (citing *Stabilisierungsfonds Fur Wein v. Kaiser,* 647 F.2d 200, 207 (D.C.Cir.1981)).

defendants living outside of the District of Columbia could have caused plaintiff tortious injury within the District of Columbia when they downloaded plaintiff's film. *Nu Image*, 799 F.Supp.2d at 40–41. To that end, Judge Wilkins therefore held that discovery prior to the Rule 26(f) conference was warranted if "the Court finds that the Plaintiff has a good faith basis to believe a putative defendant may be a District of Columbia resident if a geolocation service places his/her IP address within the District of Columbia, or within a city located within 30 miles of the District of Columbia." *Id.* Thus, Judge Wilkins denied the plaintiff's motion for expedited discovery as to all defendants and indicated instead that he would only entertain a motion for expedited discovery on the ISPs to "obtain identifying information only for IP addresses that Plaintiff has a good faith basis to believe are reasonably likely to correspond to internet accounts located in the District of Columbia." *Id.* at 42.

▮ In the case at bar, the issue is where the situs of the injury is with respect to the simultaneous uploading and downloading of copyrighted material from the Internet. According to plaintiff, the illegal infringement took place as follows:

> Over a period of four weeks, from March 23, 2011 to April 22, 2011, Defendants, working together via the internet, all sought out and obtained a reference file called a ".torrent" file named for Plaintiff's motion picture. This file contained a unique key, known as a hash, and various other data, that was then used by Defendants to connect to one another in a BitTorrent filesharing swarm. The .torrent file and corresponding swarm in this case were named for Plaintiff's file, *"The People I've Slept With"* and were created for the express purpose of obtaining unauthorized copies of this film. Using any of a variety of BitTorrent programs, each defendant connected to this specific swarm that was "sharing" Plaintiff's motion picture and each then began downloading Plaintiff's film, piece by piece, from other members in the group *simultaneously*. Every piece of the film that Defendants successfully downloaded was then made instantly available to new members joining the group and, if requested by the new members, those pieces were uploaded to them, typically in a matter of only minutes.

[# 1] ¶ 12 (emphasis in original).

Irrespective of whether the injury is viewed to be the uploading of the movie, the downloading of the movie, or both, the focus would be on the physical location of the computers bearing the unique IP addresses plaintiff claims were involved in the unauthorized distribution of its film. *See* [# 4] at 3–4. For non-resident defendants, that would most likely be outside of the District of Columbia, unless it were shown that they were visiting the District of Columbia at the time of the alleged infringement.

As concluded by Judge Wilkins in *Nu Image*, this Court cannot see how it could exercise personal jurisdiction over non-District of Columbia residents under the current facts. The Court, therefore, will order plaintiff to show cause why it should assert jurisdiction over the person of each John Doe defendant unless it has a good faith belief that that person is domiciled in the District of Columbia which, as Judge Wilkins found, may be premised on "utilizing geolocation services that are generally available to the public to derive the approximate location of the IP addresses identified for each putative defendant." *Nu Image*, 799 F.Supp.2d at 40.

Finally, the statutory requirements as to venue under the Copyright Act provide

additional and equally insurmountable obstacles to this lawsuit remaining in this Court. Venue is governed exclusively by 28 U.S.C. § 1400, which states the following: "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights or exclusive rights in mask works or designs may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). Thus, plaintiff will also have to convince me that venue would be proper in this Court.

An *Order* accompanies this *Memorandum Opinion.*

**SO ORDERED.**